UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CR-00237-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARCUS JAMAL SHANKLE, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Defendant's Notice of Appeal of Magistrate Judge Order of Detention. (Doc. No. 16.) The United States responded in opposition. (Doc. No. 17.) Consistent with 18 U.S.C. § 3145(c), the Court has promptly considered Defendant's appeal of the Magistrate Judge's Order of Detention. For the reasons set forth below, Defendant's Appeal is **DENIED**. The Court further finds the record and parties' briefing adequately presents the facts and issues, and a hearing is not necessary.

## I. BACKGROUND AND FACTUAL RECORD[1]

On October 3, 2024, law enforcement began surveillance on Defendant after two September 911 calls included reports that he was armed with a firearm during a dispute with a neighbor. (Doc. No. 15, 4:03–7:10.) When officers made contact, Defendant armed himself with a firearm in his right hand. (Id.) An officer disarmed him, but Defendant then reached for a second firearm concealed in his waistband (Id.) Officers then engaged Defendant and he suffered a gunshot wound to the head.[2] (Id.; Doc. No. 16, pp. 1–2.)

---

[1] The background information set forth herein is solely for the purposes of considering Defendant's detention appeal. Defendant has pled not guilty, and the facts have not been proven to a jury at trial.
[2] This incident resulted in several state charges against Defendant, which were dismissed after the United States charged Defendant by Complaint in this case. (Doc. No. 12, p. 11.)

1

On November 19, 2024, a grand jury indicted Defendant on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 5). At his initial appearance on December 10, 2024, Defendant was appointed counsel. (Minute Entry, Dec. 10, 2024). The United States moved for detention and the Magistrate Judge ordered Defendant detained pending a hearing. (Id.) A Magistrate Judge presided over Defendant's arraignment and detention hearing on December 13, 2024. (Minute Entry, Dec. 13, 2024). Defendant pled not guilty. (Id.)

At the detention hearing, the United States moved for detention. (Minute Entry, Dec. 13, 2024; Doc. No. 15.) The United States argued the relevant factors weigh in favor of detaining Defendant: the nature and circumstances of the alleged offense and arrest; the crime Defendant is charged with involves two firearms; Defendant's criminal history; and Defendant's prior violation of supervised release in this District.[3] (Doc. No. 15, 4:03–9:10.) Defendant argued his changed circumstances—specifically, the injuries he sustained during the October 3, 2024, incident—eliminate any danger to the community posed by his release. (Id., 13:20–17:02.) Defendant further represented he has strong family ties to Charlotte and that his criminal history primarily reflects driving offenses and dismissed charges. (Id., 12:18–12:23; 18:00–18:28.) The United States Probation Office recommended detention. (Doc. No. 12, p. 12.)

## II. STANDARD OF REVIEW

Under 18 U.S.C. § 3145, "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). District courts review a magistrate

---

[3] The Court notes Defendant was *not* on supervised release at the time of the instant alleged offense. However, he violated supervision in a prior case before the undersigned. That violation involved a firearm, and the undersigned sentenced Defendant to twenty months' imprisonment for the violation. United States v. Shankle, Case No. 3:11-CR-00366-FDW, Doc. Nos. 34, 44.

2

Case 3:24-cr-00237-FDW-DCK   Document 18   Filed 01/17/25   Page 2 of 5

judge's release or detention order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id. However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489–90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490–91.

### III. ANALYSIS

The Bail Reform Act of 1984 authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentencing, and appeal. See 18 U.S.C. § 3142 et seq. To detain a defendant pending trial, the judicial officer must "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). Courts consider factors in making this determination: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including whether the defendant was on probation at the time of the offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Id. § 3142(g).

The Court has carefully reviewed the evidence, conducted a *de novo* review of the record, and gave no deference to the Magistrate Judge's reasoning and ruling. Based on its own review of the record, the Court finds Defendant does not pose a risk of non-appearance. He is a Charlotte native with strong family ties to the community and is currently unable to ambulate without assistance. With respect to dangerousness, the United States charged Defendant with one count of

3

possession of a firearm by a convicted felon. In considering the factors to determine whether there are conditions of release that will reasonably assure the safety of any other person and the community, the Court finds they weigh in favor of detention.

The Court bases its decision on the following factors. As to the nature and circumstances of the offense, Defendant is charged with a crime involving a firearm. Specifically, he allegedly armed or attempted to arm himself with two different firearms when approached by local law enforcement on October 3, 2024. As alleged, this was a dangerous offense. The alleged conduct presents serious risk to law enforcement, Defendant himself, and innocent bystanders. Indeed, the incident did result in an officer discharging his weapon and hitting Defendant, causing serious injuries. As to the weight of the evidence against Defendant, the evidence is strong—the October 3, 2024, incident was captured on body-worn camera. As to the history and characteristics of Defendant, his physical condition and health have changed drastically since the date upon which he allegedly committed the instant offense. But Defendant has a history of unlawful possession of firearms. See United States v. Shankle, Case No. 3:11-cr-00366-FDW, Doc. Nos. 34, 44. On these facts, the Court concludes Defendant's release—specifically the risk that he may continue to arm himself unlawfully—poses a danger to the community. There are no conditions of release the Court can impose on Defendant to ensure the safety of any other person and the community. As such, the Court is in agreement with the Magistrate Judge's conclusion that Defendant be detained.

However, the parties agree the Order of Detention erroneously states "The Defendant has Failed to Carry the Defendant's Burden Under Rule 32.1(a)(6)." Rule 32.1(a)(6) applies to the appearance of individuals upon an alleged violation of supervision, not an indictment. Fed. R. Crim. P. 32.1, Revoking or Modifying Probation or Supervised Release. The Court makes clear it is not relying on Rule 32.1 in making this ruling. However, the undersigned has evaluated

Defendant's Motion under the appropriate standard and agrees with the Magistrate Judge's conclusion Defendant should be detained.

**IT IS THEREFORE ORDERED** that Defendant's Appeal of Magistrate Judge Order of Detention, (Doc. No. 16), is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 16, 2025

Frank D. Whitney
Senior United States District Judge